UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNA OBARE ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFF <br><br> v. <br><br> IHS ACQUISITION NO. 129, INC. D/B/A HERITAGE MANOR HEALTHCARE CENTER, <br><br> DEFENDANT | § § § § § § § § § § § § § § § § | CA NO. 3:17-cv-1248 |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Anna Obare ("Plaintiff") on behalf of herself and all others similarly situated files this Original Collective Action Complaint against IHS Acquisition No. 129, Inc. d/b/a Home Care Providers of Texas, Inc., Suzanne Rawlings and Kirk C. Hullison, Individually (collectively, "Defendants") and in support thereof would show as follows:

### I. PRELIMINARY STATEMENT

1.1 This is a collective action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"). Defendants provide home health services to individuals in Texas. Plaintiff was employed by Defendants as a Licensed Vocational Nurse ("LVN"). Plaintiff and all others similarly situated were known as Field LVNs. The primary duty of Defendants' Field LVNs was to travel to the homes of Defendants' customers to provide nursing care.

1.2 Plaintiff, on behalf of herself and all others similarly situated employed by Defendants as Field LVNs brings this collective action to recover overtime compensation, liquidated damages,

attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3   For at least three years prior to the filing of this Collective Action Complaint, Defendants willfully committed widespread violations of the FLSA by failing to pay their Field LVNs an overtime premium for overtime hours worked in excess of forty hours per week.

1.4   This collective action consists of current and former non-exempt LVNs who worked for Defendants or their subsidiaries in the three years preceding the filing of this suit who were not paid overtime compensation and whose job duties included traveling to and providing care to Defendants' customers at their residences.

## II.   JURISDICTION AND VENUE

2.1   The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2   The Court has personal jurisdiction over Defendant IHS Acquisition No. 129, Inc. because this entity conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3   Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III. PARTIES

### A. Plaintiff

3.1     Plaintiff Anna Obare is an individual residing in this judicial district. Her notice of consent is attached hereto as Exhibit A.

### B. Defendants

3.2     Defendant IHS Acquisition No. 129, Inc. is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in Dallas, Texas.

3.3     Defendant IHS Acquisition No. 129, Inc. was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.4     Defendant IHS Acquisition No. 129, Inc. can be served with process by serving its registered agent for service of process, Kirk C. Hullison, at 5339 Alpha Road, Suite 200, Dallas Texas 75240.

3.5     Defendant Suzanne Rawlings is an individual who resides in Dallas County, Texas.

3.6     At all times relevant to this claim, Defendant Suzanne Rawlings acted directly or indirectly in the interest of Defendant IHS Acquisition No. 129, Inc. in relation to Plaintiff's employment.

3.7     Defendant Suzanne Rawlings was substantially in control of the terms and conditions of Plaintiff's work.

3.8     Defendant Suzanne Rawlings was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.9     Defendant Suzanne Rawlings may be served with process at 5339 Alpha Road, Suite 200, Dallas Texas 75240.

3.10    Defendant Kirk C. Hullison is an individual who resides in Dallas County, Texas.

3.11    At all times relevant to this claim, Defendant Kirk C. Hullison acted directly or indirectly

in the interest of Defendant IHS Acquisition No. 129, Inc. in relation to Plaintiff's employment.

3.12   Defendant Kirk C. Hullison was substantially in control of the terms and conditions of Plaintiff's work.

3.13   Defendant Kirk C. Hullison was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.14   Defendant Kirk C. Hullison may be served with process at 5339 Alpha Road, Suite 200, Dallas Texas 75240.

## IV.   FLSA COVERAGE

4.1   For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of Plaintiff's Original Collective Action Complaint, and continuing thereafter.

4.2   At all relevant times, Defendant IHS Acquisition No. 129, Inc. had gross operating revenue in excess of $500,000.00.

4.3   At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4   At all relevant times, Defendants employed "employees", including Plaintiff and each of the collective class Plaintiffs, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5   At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6   At all relevant times, Defendant IHS Acquisition No. 129, Inc. has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7   At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties

4

for Defendants.

4.8    At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.    FACTUAL ALLEGATIONS

5.1    Defendants provide home health care services. Plaintiff and those similarly situated worked for Defendants as Field LVNs.

5.2    Defendants employed Plaintiff and those similarly situated during the three-year period preceding the filing of this Complaint.

5.3    Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4    Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff and those similarly situated during their employment with Defendants.

5.5    Plaintiff and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.6    As the Directors of IHS Acquisition No. 129, Inc., Suzanne Rawlings and Kirk C. Hullison independently exercised control over the work performed by Plaintiff and those similarly situated.

5.7    Suzanne Rawlings and Kirk C. Hullison are responsible for running the day-to-day operations of IHS Acquisition No. 129, Inc.

5.8    Suzanne Rawlings and Kirk C. Hullison, acting directly in the interest of IHS Acquisition No. 129, Inc., determined the wages to be paid to Plaintiff and those similarly situated.

5.9    Suzanne Rawlings and Kirk C. Hullison, acting directly in the interest of IHS Acquisition No. 129, Inc., determined the work to be performed by Plaintiff and those similarly situated and monitored and directed their work on a regular basis.

5.10    Suzanne Rawlings and Kirk C. Hullison, acting directly in the interest of IHS Acquisition No. 129, Inc., determined the locations where Plaintiff and those similarly situated would work.

5.11    Suzanne Rawlings and Kirk C. Hullison, acting directly in the interest of IHS Acquisition No. 129, Inc., determined the hours of Plaintiff and those similarly situated.

5.12    Suzanne Rawlings and Kirk C. Hullison, acting directly in the interest of IHS Acquisition No. 129, Inc., determined the conditions of employment of Plaintiff and those similarly situated.

5.13    Suzanne Rawlings and Kirk C. Hullison, acting directly in the interest of IHS Acquisition No. 129, Inc., maintained employment records on Plaintiff and those similarly situated.

5.14    Suzanne Rawlings and Kirk C. Hullison, acting directly in the interest of IHS Acquisition No. 129, Inc., possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff and those similarly situated.

5.15    As a part of their operations, Defendants have employed and continue to employ individuals whose job title is that of Field LVN or other job title performing substantially similar job duties as Plaintiff.

5.16    Though their job titles may vary, the primary function of these employees is travel to the residences of Defendants' customers and provide healthcare services to such individuals.

5.17    Plaintiff and the similarly situated employees currently perform, or have performed, the job duties described in paragraphs 5.16 within the past three years for Defendants.

5.18    Defendants did not track the time Plaintiff and those similarly situated spent performing work for Defendants.

5.19    Plaintiff and those similarly situated normally worked in excess of forty hours per week.

5.20    Although Plaintiff and those similarly situated worked more than forty hours per week, they were not paid their required overtime premiums for any hours worked over forty per week.

## VI.  COLLECTIVE ACTION ALLEGATIONS

6.1     Other employees have been victimized by the pattern, practice, and policy of Defendants that is in violation of the FLSA.  Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

6.2     Plaintiff brings this lawsuit on behalf of herself and all other persons who worked for Defendants as Field LVNs or other job titles performing substantially similar job duties as the Plaintiff, at any time three years prior to the filing of Plaintiff's Original Collective Action Complaint, to the entry of judgment in this lawsuit ("Collective Class").

6.3      Though their job titles may vary, members of the Collective Class all traveled to the residences of Defendants' customers where they provided nursing services to these customers.

6.4     Plaintiff and those similarly situated shared common job duties.  Therefore, Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.5     Defendants' operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.6     Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.7     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.8     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff brings these claims on her behalf and on behalf of those

similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

6.9     Plaintiff requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, email addresses and mobile telephone numbers.

6.10    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.11    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.12    Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.    CAUSE OF ACTION

### Failure to Pay Overtime

7.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2     Plaintiff and all others similarly situated are non-exempt employees.

7.3     Plaintiff and all others similarly situated are entitled to overtime premiums for all hours in excess of forty worked during each seven-day workweek.

7.4     Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff and all other similarly situated employees overtime compensation for all hours worked over forty per week.

7.5     During the employment of Plaintiff and all others similarly situated, they routinely worked well in excess of forty hours per week.

7.6     Even though Plaintiff and all others similarly situated worked well in excess forty hours per week, Defendants have failed to pay Plaintiff and all others similarly situated for such hours.

7.7     In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff and other similarly situated employees.

7.8     As non-exempt employees, Plaintiff and those similarly situated were entitled to be paid overtime premiums for all hours worked in excess of forty in a workweek.

7.9     Accordingly, Defendants' practice of failing to pay overtime premiums is a clear violation of the FLSA.

7.10    No exemption or justification excuses the Defendants from paying Plaintiff and those similarly situated overtime premiums for hours worked over forty per week.

7.11    Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

7.12    Plaintiff and all others similarly situated seek all unpaid overtime compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Anna Obare and all those similarly situated to her who have or will opt into this action, respectfully pray that this Honorable Court follow the certification procedures previously established pursuant to § 216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective members of the collective action, and that subsequent thereto Plaintiff and all others similarly situated recover the following, jointly and severally, from Defendants:

    a.    unpaid overtime wages for all hours worked in excess of forty hours in a workweek;

    b.    liquidated damages in an amount equal to their unpaid overtime wages as allowed by the FLSA;

    c.    reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

    d.    pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    such other and further relief, at law or in equity, as this Honorable Court deems necessary.

Respectfully submitted,


 /s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com


Scotty Jones
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, TX 76102
Tel: (817) 339-1185
Fax: (817) 810-0050
E-mail: sjones@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF